UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY DWAYNE KING, JR.-EL,

       Petitioner,

v.                                                                 CASE NO. 2:07-10210
                                                                 HON.  JULIAN ABELE COOK, JR.

PEOPLE OF THE STATE OF MICHIGAN,

       Respondent.
_____/

## ORDER OF DISMISSAL

### I.  Introduction

Petitioner Jerry Dwayne King, Jr.-El has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254.  The habeas petition alleges that, on November 6, 2006, Petitioner was convicted of assaulting a police officer, obstructing and resisting arrest, driving on a suspended licence, and refusing to provide a fingerprint.  Petitioner had not been sentenced when he filed his habeas petition on January 12, 2007.[1]  He stated that sentencing would occur on January 16, 2007.

Petitioner's grounds for relief and supporting facts read:

I.      Violation of The Treaty of Peace and Friendship #244-1 which was ratified in 1787.

        It was put in place to protect the Moors from any harm.

II.     Violation of The Universal Declaration of Human Rights of 1948, 1959, 1994.

---

[1] Petitioner dated his habeas petition January 12, 2006.  The Court believes that Petitioner mistakenly typed 2006 instead of 2007 on his petition.  He had not been convicted as of January 12, 2006, and the Clerk of Court did not receive and file the habeas petition until January 12, 2007.

>   The following articles support my grounds:   Article 1, 2, 4, 5, 8, 9, 14, 15, and 18.

III.   Violation of the Constitution

>   Violation of Title 18 and Due Process of Law, Equal Protection of the Law.  I have been arraigned twice for the same alleged crime which is double jeopardy.

IV.   Violation of all of their Criminal Procedures and Excessive bail.

>   Arraignment not [held] in 72 hours and falsi[fi]ed documents.  I was held in the County Jail for 30 days, their procedure allowed me to appeal the decision of the judgment to b[i]nd the case over that was given by Judge Ford in the 36th District Court.  When I tried to appeal that decision in Frank Murphy Hall of Justice[, t]he Clerk's Office denied me my right to file.

## II. Discussion

A threshold question in federal habeas corpus cases is whether the petitioner has exhausted state remedies for his claims.  The doctrine of exhaustion of state remedies provides that

>   [b]efore seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)).  To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.  *Duncan, supra*, at 365-366; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation marks omitted).  As stated in *O'Sullivan*, 526 U.S. at 845 and 847, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including a petition for discretionary review in the state's supreme

court "when that review is part of the ordinary appellate review procedure in the State." For state prisoners in Michigan, this means that they must raise their habeas claims in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking relief in federal court. *See Dombkowski v. Johnson*, 488 F.2d 68, 70 (6th Cir. 1973).

Although the exhaustion requirement is not a jurisdictional one, *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005), *cert. denied sub nom Houk v. White*, __ U.S. __, 127 S. Ct. 578 (2006), and *cert. denied sub nom White v. Houk*, __ U.S. __, 127 S. Ct. 581 (2006), the requirement

> serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights. An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief.

*Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

Petitioner has not satisfied his burden of showing that he fairly presented all his claims to the State's appellate courts. He did not raise his claims in either the Michigan Court of Appeals or the Michigan Supreme Court. In fact, he had not been sentenced when he filed his habeas petition. Accordingly, his habeas petition is dismissed summarily without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court declines to issue a certificate of appealability because reasonable jurists would not debate whether the petition states a valid claim of the denial of a constitutional right and whether the Court's procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

                                                s/ Julian Abele Cook, Jr.
                                                JULIAN ABELE COOK, JR.
Dated: February 22, 2007              UNITED STATES DISTRICT JUDGE

Certificate of Service
==

     I hereby certify that on February 22, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s), Jerry Dwayne King, 3941 Telegraph Road, #215, Bloomfield Hills, MI 48302.

                                                          s/ Kay Alford
                                                          Courtroom Deputy Clerk